**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-04211

MARJORIE DAWSON,

Plaintiff,

v.

NESTLÉ USA, INC.,
TARGET CORPORATION,
MORRIS NATIONAL, INC., and
STARBUCKS CORPORATION,
D/B/A STARBUCKS COFFEE COMPANY

Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Marjorie Dawson, by and through her undersigned counsel, files this Complaint against Defendants Nestlé USA, Inc., Target Corporation, Morris National, Inc. and Starbucks Corporation, alleges as follows:

**PARTIES**

1. Plaintiff Marjorie Dawson is a citizen of the state of Colorado and is a resident of and domiciled in the County of Denver, Colorado.

2. Defendant, Nestlé USA, Inc., is a Delaware corporation with its principal place of business in Arlington, Virginia, and conducts business throughout the United States, including in the state of Colorado.

3. Defendant, Nestlé USA, Inc., is registered with the office of the Secretary of State of Colorado to do business in the state of Colorado and has designated C T Corporation, 7700 E

Arapahoe Road, Suite 220, Centennial, CO 80122-1268 as its registered agent in the state of Colorado.

4. Defendant, Target Corporation, is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota, and conducts business throughout the United States, including in the State of Colorado.

5. Defendant, Target Corporation is registered with the office of the Secretary of State of Colorado to do business in the state of Colorado and has designated C T Corporation, 7700 E Arapahoe Road, Suite 220, Centennial, CO 80122-1268 as its registered agent in the state of Colorado.

6. Defendant Morris National, Inc., is a California Corporation with its principal place of business located at the physical address of 760 McKeever Ave., Azusa, CA 91702.

7. Defendant Morris National, Inc. is not registered with the office of the Secretary of State of Colorado to do business in the state of Colorado. However, its Agent for Service of Process in the state of California is Gerry Morris Zubatoff, 760 McKeever Ave., Azusa, CA 91702.

8. Defendant Starbucks Corporation is a Washington Corporation with its principal place of business located at the physical address of 2401 Utah Avenue S, Suite 800, MS: S-LA1, Seattle, WA 98134-1435.

9. Defendant Starbucks Corporation is registered with the office of the Secretary of State of Colorado, and has designated The Prentice-Hall Corporation System, Inc., 1900 W Littleton Blvd, Littleton, CO 80120, as its Registered Agent in the state of Colorado.

10. Starbucks Coffee Company, LTD, is a registered trade name of Starbucks Corporation in the state of Colorado. [See: Colorado Secretary of State document # 19921928207]

## JURISDICTION AND VENUE

11. Defendant, Nestlé USA, Inc., a Delaware corporation with its principal place of business in Arlington, Virginia, is deemed to be a citizen of the state of Delaware and a citizen of the state of Virginia.

12. Defendant, Target Corporation, a Minnesota corporation with its principal place of business in Minneapolis, Minnesota, is deemed to be a citizen of the state of Minnesota.

13. Defendant Morris National, Inc., a California Corporation with its principal place of business located in Azusa, California, is deemed to be a citizen of the state of California.

14. Defendant Starbucks Corporation, a Washington Corporation with its principal place of business located in Seattle, Washington, is deemed to be a citizen of the state of Washington.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this claim occurred in Colorado.

## FACTUAL ALLEGATIONS

17. Defendants Nestlé USA, Inc., Target Corporation, Morris National, Inc., and Starbucks Corporation marketed, distributed, and sold ceramic mugs with metallic coatings with various Starbucks-branded 2023 holiday gift sets.

18. Plaintiff purchased one of the Starbucks-branded holiday gift sets, including a 16 oz. mug [hereinafter "mug"], and two packages of Starbucks-branded hot cocoa mix powder, in

December 2023 from a Target retail store in the state of Colorado. A photo of an example of the Starbucks Peppermint and Classic Hot Cocoa Ceramic Mug (16 oz.) sold by Target is Photo 1, below.




Photo 1

19. The mug purchased by the Plaintiff, and some of its packaging, are shown in Photos 2 and 3, below.






Photo 2 Photo 3

20. Part of the information included with the packaging of the gift set states:

Manufactured for Starbucks Coffee Company

2401 Utah Avenue South, Seattle WA 98134

. . .

Packaged and Distributed by: Morris National, Inc.

Azusa, CA 91702

[Photo 4]




Photo 4

21. The only information on the mug itself, other than the Starbucks® Logo, is printed on the bottom of the mug [Photo 5]:

© 2022 Starbucks Corporation. Nestlé uses

Starbucks trademarks under license. MN 23 A X 31 CM 1607




Photo 5

22. The mug, and its packaging, did not contain any instructions or warnings not to put the mug into a microwave to prepare the cocoa mix that was sold with the mug.

23. On January 7, 2024, Plaintiff mixed one of the cocoa mix powder packages with water in the mug and put it in a microwave to heat.

24. Upon completion of the heating cycle, and reaching into the microwave to remove the mug, plaintiff suffered second-degree burns to her right hand due to the mug itself overheating. [Photo 6]



Photo 6

25. The mugs in these gift sets distributed by the defendants, and sold by Defendant Target, were recalled by Defendant Nestlé USA, in cooperation with the United States Consumer Product Safety Commission [CPSC], due to the mugs overheating or breaking when microwaved or filled with hot liquid, posing burn and laceration hazards.

26. The recall of these products, about 440,500 units, was published on March 21, 2024, by the CPSC Recall number: 24-171. [see: https://www.cpsc.gov/Recalls/2024/Nestle-USA-Recalls-Metallic-Mugs-Sold-with-Starbucks-Branded-Gift-Sets-Due-to-Burn-and-Laceration-Hazards]

27. Unfortunately for the Plaintiff, she was burned and injured before the recall of these mugs.

28. As a direct and proximate result of Defendants' defective product, Plaintiff suffered personal injury, and has endured physical pain and suffering, emotional distress, and incurred medical expenses.

## CAUSES OF ACTION

## STRICT PRODUCT LIABILITY

### Colorado Product Liability Act, C.R.S. §13-21-401, *et seq.*

29. Plaintiff incorporates by reference the facts and allegations set forth in the paragraphs above of this Complaint.

30. Defendants are subject to the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, *et seq.* for products that it or they manufactured, and which were sold to, distributed to, and used by citizens of the state of Colorado.

31. The mug is a "product" as that word is used in the Colorado Product Liability Act.

32. Defendants were the manufacturers of the mug, as the word "manufacturer" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401 (1).

33. Defendants were the sellers of the mug, as the word "seller" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401(3).

34. Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to manufacture, distribute, and sell products that were reasonably safe in construction, which did not materially deviate from applicable design specifications, or otherwise deviate in some material way from otherwise identical units in Defendants' product line.

35. Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to design, manufacture, assemble, test, label, distribute, and sell products that were not unreasonably dangerous.

36. Pursuant to the Colorado Product Liability Act, Defendant owed a duty to Plaintiff to design, manufacture, assemble, test, label, distribute, and sell products that conformed to its implied warranties, including, but not limited to, the implied warranty that Defendants' products were reasonably safe for use by consumers.

37. Defendants had a duty to design, manufacture, import, place into the stream of commerce, distribute, market, and sell the mug product so that it was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

38. The mug used by Plaintiff was in a defective condition and unreasonably dangerous to the user or consumer at the time it left the possession of Defendants, and at the time it or they entered the stream of commerce, because of, but not limited to, the following:

a. The mug was sold in a package with cocoa mix, giving the appearance that it was ready to be prepared in the mug, but did not instruct the consumer to not prepare the cocoa in the mug;

b. The mug was sold in a package with cocoa mix, giving the appearance that it was ready to be prepared in the mug, but did not instruct the consumer to not prepare the cocoa in the mug in a microwave;

c. the instructions that accompanied the mug were inadequate in that they did not state that it was not safe to put the mug into a microwave;

d. the mug was not reasonably safe as intended to be used;

e. the mug was dangerous to an extent beyond which would be contemplated by the ordinary consumer, and did not meet consumer expectations; and,

f. the mug was defective in ways yet to be discovered.

39. The mug was expected, and did, reach the consumer without substantial change in the condition in which they were sold.

40. The defects in the mug caused the injuries to Plaintiff as set forth in this Complaint.

41. If one or more of the Defendant is not subject to the jurisdiction of this court, as the word "manufacturer" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401(1), then one or more of the other named defendants is deemed to be the manufacturer of the mug.

42. Plaintiff suffered injuries and damages as set forth in this Complaint.

43. Defendants designed, manufactured, marketed, distributed, and sold the metallic mug in a defective and unreasonably dangerous condition.

44. The mug was defective because it lacked proper instructions and warnings against microwaving.

45. As a direct and proximate result of the defective product, Plaintiff suffered injuries, damages, and losses.

**NEGLIGENCE**

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. Prior to the Plaintiff's injury the defendants knew, or should have known, that the mugs were not safe to heat in a microwave.

48. Defendants had a duty to test and inspect the mugs that were a part of the Starbucks-branded gift set to confirm that they were safe for their reasonably expected and intended use, and otherwise merchantable.

49. Defendants had a duty to provide post-sale warnings to the Plaintiff of the risk of injury the known risk of injury from overheating the mugs in a microwave.

50. Prior to the Plaintiff's injury the defendants failed to provide post-sale warnings of the known risk of injury from overheating the mugs in a microwave.

51. Prior to the Plaintiff's injury the defendants failed to timely recall these defective and inadequately labeled mugs.

52. The defendants' failure to provide post-sale warnings was negligent.

53. The Defendants' failure to timely recall these mugs was negligent.

54. As a direct and proximate result of the defendants' negligent actions and inactions, as set forth above, Plaintiff suffered the injuries and damages set forth in this complaint.

## VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT

**Colo. Rev. Stat. § 6-1-101, *et seq***

55. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Defendants engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*, by:

a. Failing to disclose known safety risks associated with the ceramic mugs with metallic coatings;

b. Misrepresenting the safety and suitability of the mug for consumer use;

c. Omitting material information regarding the dangers of microwaving the mug;

d. Selling and marketing the product despite knowing of its defects and risks; and,

e. Other violations of the Colorado Consumer Protection Act that have yet to be discovered.

57. Defendants' deceptive trade practices and violations of the Colorado Consumer Protection Act occurred in the course of their business and significantly impacted the public.

58. As a direct and proximate result of Defendants' deceptive trade practices and violations of the Colorado Consumer Protection Act, Plaintiff has suffered actual damages, including physical injury and economic losses.

59. Plaintiff is entitled to relief under Colo. Rev. Stat. § 6-1-113, including treble damages, attorney's fees, and costs.

## DAMAGES

60. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and will continue to sustain damages, including but not limited to:

a. Past medical expenses;

b. Pain and suffering;

c. Disfigurement and physical impairment;

d. Loss of income;

e. Damages allowed by Colo. Rev. Stat. § 6-1-113, including treble damages, attorney's fees, and costs; and,

f. Other damages as may be allowed by Colorado law, with the total of all damages being in excess of $75,000, exclusive of interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally as follows:

a. Compensatory damages, both economic and non-economic, in an amount to be determined at trial, but in excess of $75,000, exclusive of interest and costs;

b. Damages as allowed by Colo. Rev. Stat. § 6-1-113, including treble damages, attorney's fees, and costs;

c. Pre-judgment and post-judgment interest; and,

d. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 30th day of December 2025.

/s/ *George E. McLaughlin*
George E. McLaughlin
McLaughlin Law Firm, P.C.
1890 Gaylord Street
Denver, CO 80206-1211
720-420-9800
GEM@McLLF.com